## MAYS v. MAYS.

### No. 8550.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

Parker & Parker, of Comanche, and Baker & Baker, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee, Viola Page Mays, sued her divorced husband, J. M. Mays, and R. G. Hollingsworth for partition of 140 acres of land situated in Mills county, Tex., alleging that she owned an undivided one-fourth interest, that Hollingsworth owned an undivided one-fourth interest, and that J. M.

Mays owned an undivided one-half interest in the land. On the trial to the court without a jury, the court found that appellee was entitled to a partition of the land as prayed, and further found that the land was capable of being partitioned in kind, and appointed commissioners to partition same in accordance with the decree of the court. This appeal is from that judgment.

Appellant presents eight assignments of error briefed under two propositions. The first proposition, predicated upon seven of the assignments, complains of the judgment decreeing the respective interests of the parties and for partition as having no support in the evidence, or as being contrary to the great weight of the evidence. The proposition is not sustained.

■ Briefly, the evidence shows that Viola Page Mays and J. M. Mays were husband and wife. One child, a boy, was born of this marriage. In 1927 divorce proceedings were instituted by Mrs. Mays, praying for a divorce, the custody of the child, the setting aside of certain described real estate as her separate property, and for some character of decree concerning certain real estate situated in the state of New Mexico. Prior to the decree granting the divorce, both Mr. and Mrs. Mays testified that they had a separation agreement or division of some of the property belonging to the community estate. J. M. Mays made two lists of this property on two sheets of paper, drawing a perpendicular line through the center, and placing the word "husband" at the top of one column, and the word "wife" at the top of another column. One list was retained by each of the parties. The one introduced in evidence by J. M. Mays showed the New Mexico land to have been placed under the column headed "husband." He did not introduce this list on the first trial about a year prior to this trial. Mrs. Mays testified that she had lost the list given to her, but that it did not contain any reference to any land, but only related to a division of the personal community property. She further testified that the list introduced by J. M. Mays was not the list which he took at the time of the separation agreement, because it did not contain a statement to the effect that the parties had divided their property fairly and equally, "So help us, God." And did not contain the signature of either J. M. Mays or herself; and that the original lists were signed by both herself and J. M. Mays. Two other witnesses, one the son, who at

the time of the divorce was seven years old, but at the time of this trial was fifteen years old, and who testified that he saw the list about two years prior to the trial, and that the New Mexico land was not mentioned in the list which his mother had, and a disinterested witness, testified that he saw the wife's list in connection with the sale of a pair of mules awarded to her, and concerning her right to sell the mules; and that said list contained no reference to any real estate, but related solely to personal property. The divorce decree, after granting the divorce and awarding to Mrs. Mays the custody of the minor child and decreeing to her certain described real estate as her separate property, contained the following recitation: "It is further ordered by the court that as to the lands described in plaintiff's petition and located in the State of New Mexico; it appearing that the title to said lands has been settled by agreement since the institution of this suit, and said lands being located without the State of Texas, that the controversy as to said lands in New Mexico is hereby dismissed."

After the divorce decree and when J. M. Mays, the divorced husband, traded the New Mexico land for the Mills county land in suit, he took the deed conveying same to the grantor of the Mills county land to Mrs. Mays and had a Mr. Bond request her to sign it, which she did; and she later conveyed a one-fourth undivided interest in the Mills county land to defendant, R. G. Hollingsworth, by deed duly recorded. Upon this evidence, the trial court found that there had been no partition or setting aside of the New Mexico land to Mr. Mays, but that it remained jointly owned property; and that, since it was given in exchange for the land in controversy, Mrs. Mays owned at the time of the trial a one-fourth undivided interest in such real estate, she having by deed duly recorded conveyed an undivided one-fourth interest to defendant R. G. Hollingsworth.

■ By his first proposition, appellant contends that the above detailed evidence and the above recitation in the divorce decree conclusively establish that the New Mexico land was awarded to him. The evidence was clearly conflicting on this issue, and the trial court's finding thereon is conclusive.

With respect to the decree of the court above quoted as confirming the separation division or partition, there can be no ques-

tion but that it did not do so. No evidence concerning the agreement was adduced at the divorce hearing. It merely referred to the fact that some sort of an agreement had been reached with regard to the New Mexico property, and dismissed the matter from the suit because of that purported agreement. Manifestly the court entered the order to show that any issue raised with regard to the New Mexico land by the pleadings was no longer an issue in the suit for divorce. No language of the judgment in any manner indicated that the court knew or tried to determine, approve, or confirm the purported controversy as to the New Mexico property referred to in the pleadings.

Since the fact issue above stated determined the case, the remaining proposition relating to the legality of a separation agreement to set aside community real estate as the separate property of the husband becomes immaterial. We find no error in the judgment of the trial court, and it is affirmed.

Affirmed.